UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NELSON DONIGAN,

Petitioner,

v.

DANIEL F. MARTUSCELLO III, Commissioner of the New York State Department of Corrections and Community Supervision,

Respondent.[1]

**MEMORANDUM & ORDER**
23-CV-01740 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Petitioner Nelson Donigan, who is currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1 (Petition).[2] Petitioner was convicted of two counts of criminal possession of a weapon in the second degree, one count of criminal possession of a weapon in the third degree, and one count of criminal possession of marijuana in the second degree following a bench trial in Queens County Supreme Court. ECF No. 7-1 at 275 (Trial Transcript). On August 28, 2018, Petitioner was sentenced as a persistent violent felony offender to an aggregate prison term of eighteen years to life. *Id.* at 6, 15–17

1 The Court substitutes Daniel F. Martuscello III, the current Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"), in the case caption for Anthony J. Annucci, former Acting Commissioner of DOCCS. *See* Fed. R. Civ. P. 25(d). The Clerk of Court is respectfully directed to amend the caption accordingly.

2 Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF"), except when citing to the state court transcripts, where the Court refers to the original page numbers on the native documents.

(Sentencing Transcript). Petitioner appealed his conviction, but the New York Appellate Division, Second Department ("Appellate Division") affirmed the judgment. ECF No. 1-2 at 1 (Ex. A; Decision & Order). Thereafter, the New York Court of Appeals denied Petitioner's request for leave to appeal. ECF No. 1-6 at 11 (Ex. E; Order Denying Leave).

Petitioner challenges the legal sufficiency of the evidence supporting his conviction and asserts that the Appellate Division unreasonably applied clearly established Supreme Court precedent in *In re Winship*, 397 U.S. 358 (1970) and *Jackson v. Virginia*, 443 U.S. 307 (1979).[3] ECF No. 1 at 23, 25. Respondent opposes the petition. ECF No. 8-1 (Memorandum of Law in Opposition to Petition). For the reasons set forth below, the petition is DENIED.

## **BACKGROUND**[4]

On December 1, 2016, New York Police Department ("NYPD") officers executed a warrant to search Petitioner's home in Queens, which he shared with four family members: his wife, mother, grandmother, and brother. ECF No. 7-1 at 72–74, 126–27, 215. Petitioner lived in a basement bedroom with his wife, which was separated from the rest of the house by an iron door. *Id.* at 76–77, 81, 128, 215. The basement consisted of Petitioner's bedroom and an adjacent storage room separated from the bedroom by a partial wall and a curtain, which was

---

[3] *Winship* "established proof beyond a reasonable doubt as an essential of Fourteenth Amendment due process," and *Jackson* held that "[a]fter *Winship* the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction" is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 317–19 (emphasis in original).

[4] "Under 28 U.S.C. § 2254(e), the findings of fact which underlie the state court's conclusion are entitled to the statutory presumption of correctness by the reviewing federal habeas court. Unless rebutted by clear and convincing evidence, the habeas court must accept the facts found by the state court as true." *Sanford v. Burge*, 334 F. Supp. 2d 289, 301 (E.D.N.Y. 2004).

open when Officer Connors, the officer conducting the search, entered the basement. *Id.* at 77, 129. The entrance to the storage area was roughly five feet from the foot of Petitioner's bed. *Id.* at 83.

Members of the NYPD Emergency Service Unit were the first to enter the basement, where one of the officers encountered and arrested Petitioner. *Id.* at 153–54. Subsequently, Officer Connors entered the basement and immediately noticed a strong marijuana smell. *Id.* at 81. In the bedroom, Officer Connors found a wallet containing Petitioner's driver's license on a television stand and a photograph of Petitioner and his wife on top of the television. *Id.* at 86, 95–97, 104. Officer Connors also found a scale on the bedroom dresser, $11,939 in cash in the dresser, and a bulletproof vest in a crawl space behind Petitioner's bed. *Id.* at 83, 86, 104. In the adjacent storage area, Officer Connors recovered approximately six pounds of marijuana in plastic bags and a .40 caliber firearm loaded with 12 rounds of ammunition that appeared shiny and new. *Id.* at 83–85, 91–92, 120. The marijuana was about three or four feet from the entrance to the storage area, and the firearm was about two to three additional feet from the marijuana. *Id.* at 84–85. A forensic analysis could not determine whose DNA was on the firearm; it identified only the presence of male DNA and excluded Petitioner as a contributor. *Id.* at 201–203.

Officer Connors had not seen Petitioner in the storage room, nor did he find any of Petitioner's identifiable items in the storage room. *Id.* at 134, 139. Officer Connors also discovered six rounds of ammunition, matching the caliber of the gun, in an upstairs bedroom belonging to Petitioner's brother. *Id.* at 87–88, 119–20. That ammunition appeared old, tarnished, and dirty. *Id.* at 92. Petitioner's mother testified that another brother of Petitioner died shortly before the police search, and his belongings were brought to the home in bins and

bags and stored in the basement and shed. *Id.* at 211–12. She had not gone through his belongings as of the date the warrant was executed and was not previously aware of the marijuana and firearm found in the storage room. *Id.* at 212, 217, 224.

Based on the accessibility of the storage area from Petitioner's bedroom, Petitioner's presence in the basement during the execution of the search warrant, the readily accessible weapon and distinct smell and large quantity of marijuana in the basement, and the recovery of the bulletproof vest and large amount of cash from Petitioner's bedroom, the trial judge found that Petitioner "exercised sufficient dominion and control over the area in which the loaded and operable weapon and marijuana were found" such that he knowingly and "constructively possess[ed] [the] same" and had the requisite intent. *Id.* at 275–76.

On March 20, 2018, the court rendered its guilty verdict following a bench trial in Queens County Supreme Court. *Id.* at 275. Petitioner was convicted of two counts of criminal possession of a weapon in the second degree, one count of criminal possession of a weapon in the third degree, and one count of criminal possession of marijuana in the second degree. *Id.* On August 28, 2018, Petitioner was sentenced as a persistent violent felony offender[5] to the following concurrent terms of imprisonment: (i) eighteen years to life for each of the counts of criminal possession of a weapon in the second degree; (ii) three and a half years to seven years for criminal possession of a weapon in the third degree; (iii) and two and a half years followed by one year of post-release supervision for the marijuana count. *Id.* at 1, 6, 15–17 (Sentencing Transcript).

[5] At sentencing, Petitioner admitted to the following predicate felony convictions: a 1998 conviction for robbery in the second degree and a 2004 conviction for criminal possession of a weapon in the second degree. *See* ECF No. 7-1 at 285–86 (Sentencing Transcript). The court therefore adjudicated him as a persistent violent felony offender for sentencing purposes. *See id.* at 286.

Petitioner subsequently appealed the judgment of conviction, contending that: (i) there was insufficient evidence to establish probable cause for a search warrant; (ii) the prosecution failed to prove Petitioner's guilt of possession of a weapon and marijuana beyond a reasonable doubt; and (iii) Petitioner's prison sentence of eighteen years to life was excessive. ECF No. 1-3 at 8, 22–41 (Ex. B; Appellate Division Brief for Defendant-Appellant). On January 12, 2022, the Appellate Division affirmed the conviction, finding that: (i) there was probable cause for the issuance of the warrant; (ii) viewing the evidence in the light most favorable to the prosecution, "it was legally sufficient to establish beyond a reasonable doubt the defendant's constructive possession of the firearm and the marihuana"; (iii) having conducted an independent review of the weight of the evidence, the court was "satisfied that the verdict of guilt was not against the weight of the evidence"; and (iv) the sentence imposed was not excessive. *People v. Donigan*, 156 N.Y.S.3d 899, 900 (N.Y. App. Div. 2022). On March 25, 2022, the New York Court of Appeals denied Petitioner's request for leave to appeal. *People v. Donigan*, 185 N.E.3d 1002 (N.Y. 2022).

On March 7, 2023, Petitioner timely filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent submitted an opposition on May 11, 2023, ECF No. 8, and on May 22, 2023, Petitioner filed a reply. ECF No. 9.

## LEGAL STANDARD

### I. Deferential Standard of Review

A person in custody pursuant to a state court judgment seeking federal habeas relief must prove by a preponderance of the evidence "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Reyes v. Lamanna*, No. 18-cv-8724, 2023 WL 11970436, at *3 (S.D.N.Y. Sept. 14, 2023), *report and recommendation*

*adopted*, No. 18-cv-8724, 2024 WL 4553903 (S.D.N.Y. Oct. 23, 2024). Federal courts apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to determine whether a petitioner in state custody is entitled to a writ of habeas corpus. It provides, in relevant part, that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law only if "the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court," or if, "presented with facts that are materially indistinguishable from a relevant Supreme Court precedent," the state court arrived at a different result. *Evans v. Fischer*, 712 F.3d 125, 132 (2d Cir. 2013). The writ may also be granted if a state court decision is an "unreasonable application" of clearly established federal law, meaning "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Moreover, while a district court may grant a writ of habeas corpus when a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), the state court's determination of the facts is presumed to be correct, and the petitioner bears the burden of "rebutting the

presumption of correctness by clear and convincing evidence," *id.* § 2254(e)(1). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).

**II. Exhaustion Requirement and Procedural Default**

A district court shall only review an application for a writ of habeas corpus if "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The Second Circuit has adopted a "two-stage inquiry for determining whether the requisite exhaustion has occurred." *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir. 1981).

First, the petitioner must have fairly presented his "federal constitutional claim to an appropriate state court." *Id.* "A federal habeas petitioner may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution by stating his constitutional claim clearly enough so that a court can easily discern its basis." *Christopher v. Connolly*, No. 06-cv-1575, 2013 WL 1290810, at *7 (E.D.N.Y. Mar. 28, 2013). However, a petitioner's state court claim must have raised "[the same] factual and . . . legal premises" as the federal habeas claim and must have been presented in a way that was "likely to alert the [state] court to the claim's federal nature." *Daye v. Att'y Gen. of State of New York*, 696 F.2d 186, 191–92 (2d Cir. 1982).

Second, after "having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have utilized all available mechanisms to secure appellate review of the denial of that claim." *Klein*, 667 F.2d at 282. "Although a petitioner need not petition the United States Supreme Court by writ of certiorari, the state prisoner must fairly present his federal constitutional claims to the highest state court having jurisdiction over them." *O'Neal v. New York*, 465 F. Supp. 3d 206, 214–15 (E.D.N.Y. 2020).

"Specifically, petitioner must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Id.* at 215; *see also Daye*, 696 F.2d at 192 ("The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court."). If petitioner does so and relief is denied, and he "thereupon unsuccessfully employs all the state appellate procedures available for review of such denial, the petitioner has satisfied the exhaustion requirement." *Klein*, 667 F.2d at 283.

Finally, a federal court may not review federal claims that "the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 582 U.S. 521, 527 (2017). Those claims are considered "procedurally defaulted in state court." *Id.* "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address the merits of those claims in the first instance." *Id.* at 527.

## DISCUSSION

Petitioner alleges that the Appellate Division's affirmance of his conviction was an unreasonable application of clearly established federal law providing that due process requires "the record evidence [to] reasonably support a finding of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 318; ECF No. 1 at 16, 25. Specifically, Petitioner asserts that the trial evidence was insufficient to prove his constructive possession of the gun and marijuana beyond a reasonable doubt. *See* ECF No. 1 at 16. Respondent replies that "[t]he Appellate Division reasonably applied clearly established Supreme Court law in holding that the trial evidence was

legally sufficient to establish beyond a reasonable doubt petitioner's constructive possession of the firearm and marijuana . . . ." ECF No. 8-1 at 10. The Court agrees with Respondent and therefore denies the petition.

### I. Petitioner's Claim of Legal Insufficiency Is Neither Unexhausted nor Procedurally Barred

"Before a federal court can reach the merits of a [habeas] petitioner's claims," it must ensure those claims are "exhausted and not procedurally barred, unless an exception to either prerequisite applies." *Cooper v. People*, No. 25-cv-5923, 2026 WL 820696, at *1 (E.D.N.Y. Mar. 25, 2026). The Court finds that Petitioner's claim is neither unexhausted nor procedurally barred.[6]

First, Petitioner fairly presented his federal due process claim based on insufficiency of the evidence to the Appellate Division. *See* ECF No. 1-3 at 29 (citing U.S. Const. amend. XIV and *Jackson v. Virginia*, 443 U.S. 307 (1979)). His brief unequivocally states that he was challenging his conviction on grounds that the evidence was legally insufficient to establish his constructive possession of the gun and marijuana. *Id.* (". . . [T]he People failed to demonstrate that appellant exercised dominion and control over the storage room or the gun and marijuana found there. Accordingly, there was insufficient evidence to prove his guilt . . . ."). Second, Petitioner raised the same claim when seeking leave to appeal to the New York Court of Appeals and alerted the court to "questions of . . . federal constitutional law." *See* ECF No. 1 at 12–15; ECF No. 1-6 at 1–7 (Application for Leave to Appeal). Neither court denied Petitioner's claims

---

6 Respondent does not argue that Petitioner's claim is unexhausted or procedurally barred. *See* ECF No. 8-1. However, the Court must determine that Petitioner has satisfied those procedural requirements before turning to the merits of the petition. *See Watkins v. Colvin*, No. 16-cv-04055, 2019 WL 8274256, at *10 (S.D.N.Y. Aug. 30, 2019), *report and recommendation adopted*, No. 16-cv-4055, 2020 WL 1436708 (S.D.N.Y. Mar. 23, 2020).

based on a state procedural rule. *See Donigan*, 156 N.Y.S.3d at 900; *Donigan*, 185 N.E.3d 1002 (N.Y. 2022). Therefore, the exhaustion requirement is satisfied and there are no procedural bars to Petitioner's claim.

**II. Petitioner's Claim of Legal Insufficiency Lacks Merit**

Petitioner alleges that the prosecution failed to adduce sufficient evidence to prove beyond a reasonable doubt that he constructively possessed the firearm and marijuana recovered from the basement storage area, such that the Appellate Division's affirmance of his conviction was an unreasonable application of clearly established federal law. ECF No. 1 at 25. The Court finds that Petitioner's claim lacks merit and accordingly denies the petition.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Jones v. Murphy*, 694 F.3d 225, 234 (2d Cir. 2012). "A defendant raising a sufficiency challenge . . . bears a heavy burden because a reviewing court must consider the evidence in the light most favorable to the prosecution and uphold the conviction if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Aguilar*, 585 F.3d 652, 656 (2d Cir. 2009) (emphasis in original); *see United States v. Mazza-Alaluf*, 621 F.3d 205, 209 (2d Cir. 2010) ("We apply this same deferential standard when we review a verdict rendered by a judge after a bench trial"); *see also Gomez v. Griffin*, No. 17-cv-7249, 2021 WL 1224885, at *18 (E.D.N.Y. Mar. 31, 2021) ("When considering a claim of legally insufficient evidence, the facts are viewed in the light most favorable to the verdict."). The Court finds that Petitioner has failed to satisfy this heavy burden.

"In considering a petition for writ of habeas corpus based on insufficient evidence to support a criminal conviction in the state courts, a federal court must look to state law to

determine the elements of the crime." *Gomez*, 2021 WL 1224885, at *18. In New York, a defendant is guilty of criminal possession of a weapon in the second degree when, "with intent to use the same unlawfully against another, such person . . . possesses a loaded firearm," N.Y. Penal Law § 265.03(1)(b), or when "such person possesses any loaded firearm," *id.* § 265.03(3).[7] A defendant is guilty of criminal possession of a weapon in the third degree when "[s]uch person commits the crime of criminal possession of a weapon in the fourth degree . . . and has been previously convicted of any crime . . . ." *Id.* § 265.02(1). Under the law in effect at the time of Petitioner's conviction, a defendant was guilty of criminal possession of marijuana in the second degree when he knowingly and unlawfully possessed more than sixteen ounces of "preparations, compounds, mixtures or substances containing marihuana . . . ." N.Y. Penal Law § 221.25 (repealed 2021).

Petitioner did not have the firearm or marijuana in his physical possession at the time of his arrest. Therefore, the prosecution was required to prove that Petitioner constructively possessed the contraband. Under New York law, a finding of constructive possession requires the prosecution to prove that the defendant "exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found." *People v. Williams*, 96 N.Y.S.3d 273, 274 (N.Y. App. Div. 2019) (citing N.Y. Penal Law § 10.00(8)). The prosecution may make this showing through direct evidence or through circumstantial evidence based on inferences drawn from the facts in the record. *See People v. McGough*, 998 N.Y.S.2d 232, 234 (N.Y. App. Div. 2014). "Mere presence at the location of the contraband is

---

[7] Section 265.03(3) carves out an exception "if such possession takes place in such person's home or place of business." However, this exception does not apply in cases where, like here, the defendant has previously been convicted of another crime. *See* N.Y. Penal Law § 265.02; ECF No. 7-1 at 13.

insufficient, but presence under a particular set of circumstances from which a reasonable jury could conclude that the defendant constructively possessed contraband is sufficient to establish constructive possession." *Giles v. City of Mt. Vernon*, No. 20-cv-05119, 2024 WL 126883, at *5 (S.D.N.Y. Jan. 11, 2024). Exclusive access to the area where contraband was found is not required to establish constructive possession; in other words, "[m]ere access by others to the area does not preclude a finding of constructive possession." *People v. Skyles*, 698 N.Y.S.2d 286, 287 (N.Y. App. Div. 1999).

Viewing the evidence in the light most favorable to the prosecution, the Court finds that a rational trier of fact could have found, beyond a reasonable doubt, that Petitioner constructively possessed the firearm and marijuana. The prosecution presented evidence, in relevant part, that:

(i) The basement was separated from the rest of the house by an iron door, creating a separate basement living space with a bedroom and storage room. ECF No. 7-1 at 76–77, 81. Petitioner and his wife lived in the basement bedroom. *Id.* at 215.

(ii) Petitioner was present in the basement when members of the NYPD Emergency Service Unit arrived. *Id.* at 153–54.

(iii) Upon entering the basement, Officer Connors noticed a strong odor of marijuana.[8] *Id.* at 81.

(iv) In the basement bedroom, Officer Connors found Petitioner's wallet containing his driver's license on the television stand and a photograph of Petitioner and his

[8] Although other witnesses testified that they did not recall and/or smell a strong odor of marijuana, *see, e.g.*, ECF No. 7-1 at 163, 173, federal habeas courts do not challenge the fact finder's determination of the credibility of witnesses, *see Maldonado v. Scully*, 86 F.3d 32, 35 (2d Cir. 1996); *see also Olba v. Unger*, 637 F. Supp. 2d 201, 211 (S.D.N.Y. 2009) ("Where two reasonable inferences may be drawn from the facts, the court must defer to the [fact finder's] resolution.").

wife on top of the television. *Id.* at 86, 95–97, 104. Officer Connors also found a scale on the bedroom dresser, $11,939 in cash in the bedroom dresser, and a bulletproof vest in a crawl space behind Petitioner's bed. *Id.* at 83, 86, 104.

(v) Petitioner's bedroom was divided from the basement storage area by a partial wall and a curtain, which was open when Officer Connors entered the basement. *Id.* at 77. The entrance to the storage area was approximately five feet from the foot of Petitioner's bed. *Id.* at 83.

(vi) Officer Connors recovered the firearm and marijuana from the basement storage area. *Id.* at 83–85. The marijuana was found approximately three or four feet away from the entrance to the storage room, or approximately eight feet away from Petitioner's bed. *Id.* at 84. The firearm was found about two to three additional feet away from the marijuana. *Id.* at 85.

(vii) The ammunition found in the upstairs bedroom was tarnished and dirty, whereas the ammunition in the firearm recovered from the storage room was shiny and appeared new. *Id.* at 91–92.

(viii) The DNA of unidentifiable males was detected on the firearm, but Petitioner was excluded as a contributor. *Id.* at 202–203. Nevertheless, an expert witness testified that it is possible for a person to touch an object and not leave DNA behind, and it is also possible for a person's DNA to appear on something that they never touched. *Id.* at 191–192.

"Ultimately, federal habeas courts are not free to reassess fact specific credibility judgments by [fact finders] or to weigh conflicting testimony."[9] *Gomez*, 2021 WL 1224885, at *20; *see Wood*, 558 U.S. at 301 ("[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."). Moreover, "[i]n assessing legal sufficiency, a Court must determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [fact finder] on the basis of the evidence at trial." *Perkins v. Comm'r of Corr. Servs.*, No. 04-cv-2307, 2005 WL 3591722, at *2 (E.D.N.Y. Dec. 30, 2005), *aff'd*, 218 F. App'x 24 (2d Cir. 2007).

Here, the trial judge's determination that Petitioner constructively possessed the firearm and marijuana is supported by the evidence. A fact finder could readily infer that the proximity between Petitioner's living space and the area in which the contraband was found, separated by a mere open curtain, supported beyond a reasonable doubt Petitioner's dominion or control over the entire basement, including both the bedroom and storage area. Considering the proximity of Petitioner's bed to the area where the contraband was found, a fact finder could have also reasonably inferred that the marijuana odor immediately detected by Officer Connors upon entering the basement would have alerted Petitioner, who was also present in the basement, to the marijuana such that his knowledge could be presumed. Finally, a fact finder reasonably could have inferred that the scale, bulletproof vest, and $11,939 in cash in Petitioner's bedroom were connected to unlawful activity, and specifically the unlawful use of the nearby firearm and

[9] In a bench trial like Petitioner's, the trial judge assumes the role of the fact finder or jury, as "it is the [c]ourt's job to weigh the evidence, assess credibility, and rule on the facts as they are presented." *Bahrami v. Ketabchi*, No. 05-cv-3829, 2009 WL 513790, at *9 (S.D.N.Y. Feb. 27, 2009), *aff'd*, 365 F. App'x 266 (2d Cir. 2010).

large quantity of marijuana. *See People v. Carvey*, 680 N.E.2d 150, 153 (N.Y. 1997) (noting the "inherent linkage between a [bulletproof] vest and possession of a firearm"); *see* ECF No. 7-1 at 276. Given these reasonable inferences, which are supported by the evidence presented at trial, the Court concludes that Petitioner has failed to demonstrate that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Aguilar*, 585 F.3d at 656. Petitioner has also failed to demonstrate that the Appellate Division's decision involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). Accordingly, the evidence is legally sufficient to support Petitioner's constructive possession of the firearm and marijuana, and the petition must therefore be denied.

## **CONCLUSION**

For the foregoing reasons, the Court DENIES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with prejudice. The Court finds that Petitioner failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability ("COA") shall not issue. *See* 28 U.S.C. § 2253(c)(2). Any additional request for a COA must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to amend the case caption to substitute Daniel F. Martuscello III for Anthony J. Annucci, enter judgment consistent with this Order, and close the case.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
September 2, 2026